**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Katie Kindler, Autumn Britton-Wheeler, and Cassidy Britton, individually, and on behalf of a class of persons similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:09-cv-00315-ODS |
| Mitsubishi Motors Credit of America, Inc., a Delaware corporation, | ) | |
| and | ) | |
| MMCA Lease Ltd., a Delaware business trust, | ) | |
| Defendants. | ) | |

## **CLASS ACTION COMPLAINT**

### **Introduction**

1. This is a class action lawsuit against Defendants Mitsubishi Motors Credit of America, Inc. and MMCA Lease Ltd. (collectively, "Defendants") for violating the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*, by failing to disclose the taxes that must be paid in connection with its Vehicle Lease Agreements.

### **The Parties**

2. Plaintiff Katie Kinder is a resident of the State of Missouri and a member of the class as defined herein.

3. Plaintiff Autumn Britton-Wheeler is a resident of the State of Missouri and a member of the class as defined herein.

4. Plaintiff Cassidy Britton is a resident of the State of Missouri and a member of the class as defined herein.

5. Defendant Mitsubishi Motors Credit of America, Inc. ("MMCA") is a Delaware corporation with its principle place of business at 6400 Katella Avenue, Cypress, CA 90630.

6. Defendant MMCA Lease Ltd. ("MMCA Lease") is a Delaware business trust incorporated in the State of Florida with its principle place of business at 6450 Katella Avenue, Cypress, CA 90630.

**Jurisdiction And Venue**

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. In addition, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because this matter was filed as a class action involving in excess of 100 putative class members, the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one member of the class is a citizen of a State different from the defendants.

8. Venue is proper under 28 U.S.C. § 1391(B)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**Factual Allegations**

9. Plaintiffs and Defendants are parties to certain Vehicle Lease Agreements.

10. Plaintiff Katie Kinder entered into a Vehicle Lease Agreement on or about July 21, 2007. This Vehicle Lease Agreement provides that the vehicle identified therein would be used primarily for personal purposes. This Vehicle Lease Agreement provides for a lease period in excess of four months. This Vehicle Lease Agreement provides that the total contractual

value of the lease is less than $25,000. A true and correct copy of this Vehicle Lease Agreement is attached hereto as Exhibit A.

11. Plaintiff Autumn Britton-Wheeler entered into a Vehicle Lease Agreement on or about June 29, 2007. This Vehicle Lease Agreement provides that the vehicle identified therein would be used primarily for personal purposes. This Vehicle Lease Agreement provides for a lease period in excess of four months. This Vehicle Lease Agreement provides that the total contractual value of the lease is less than $25,000. A true and correct copy of this Vehicle Lease Agreement is attached hereto as Exhibit B.

12. Plaintiff Cassidy Britton entered into a Vehicle Lease Agreement on or about June 29, 2007. This Vehicle Lease Agreement provides that the vehicle identified therein would be used primarily for personal purposes. This Vehicle Lease Agreement provides for a lease period in excess of four months. This Vehicle Lease Agreement provides that the total contractual value of the lease is less than $25,000. A true and correct copy of this Vehicle Lease Agreement is attached hereto as Exhibit C.

13. These Vehicle Lease Agreements are standard-form documents prepared by Defendants.

14. Plaintiffs are lessees under these Vehicle Lease Agreements.

15. Defendants are lessors under these Vehicle Lease Agreements.

16. These Vehicle Lease Agreements did not disclose the amount paid or payable by the lessee for taxes, nor was such disclosure contained in any other dated, written statement given to the plaintiffs prior to the time the leases were consummated.

**Class Action Allegations**

17. Plaintiffs represent a class of individuals defined as follows:

> All natural persons in the United States who became lessees under a Vehicle Lease Agreement defining Mitsubishi Motors Credit of America, Inc. and/or MMCA Lease Ltd. as lessors which did not disclose the taxes such they were required to pay in connection with their motor vehicle leases where such leases were primarily for personal purposes, exceeded four months in duration, and embodied a contractual obligation of less than $25,000.

18. This class is numerous.

19. The issues raised by the named plaintiffs herein are common to the class.

20. The named plaintiffs' claims are typical of the claims of other class members.

21. Plaintiffs are adequate class representatives.

22. Common issues will predominate any individual issues that exist.

23. A class action is the superior mechanism for resolving this dispute.

24. The aggregate amount sought by this class action exceeds $5 million.

**Count I – Violation of the Consumer Leasing Act, 15 U.S.C. § 1667, as to Katie Kindler**

25. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

26. Katie Kinder is a lessee within the meaning of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*

27. Defendants are lessors within the meaning the Consumer Leasing Act, 15. U.S.C. § 1667 *et seq.*

28. The Vehicle Lease Agreement entered into by Katie Kindler and attached hereto as Exhibit A, is a consumer lease within the meaning of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*

29. The Vehicle Lease Agreement entered into by Katie Kindler and attached hereto as Exhibit A does not contain the disclosures required by the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.* In particular, the Vehicle Lease Agreement does not disclose the amount payable by

the leasee as taxes. 15 U.S.C. § 1667a(3). Instead, in place of these disclosures, it contains the designation "N/A."

30. Because the Vehicle Lease Agreement entered into by Katie Kindler does not contain the disclosures required by the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*, Defendants, as lessors, are in violation of such Act. *See* 15 U.S.C. § 1667d; 15 U.S.C. § 1640.

31. Defendants' violation of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.* caused Katie Kinder to suffer actual damages.

**Count II – Violation of the Consumer Leasing Act, 15 U.S.C. § 1667, as to Autumn Britton-Wheeler**

32. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

33. Autumn Britton-Wheeler is a lessee within the meaning of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*

34. Defendants are lessors within the meaning the Consumer Leasing Act, 15. U.S.C. § 1667 *et seq.*

35. The Vehicle Lease Agreement entered into by Autumn Britton-Wheeler and attached hereto as Exhibit B, is a consumer lease within the meaning of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*

36. The Vehicle Lease Agreement entered into by Autumn Britton-Wheeler and attached hereto as Exhibit B does not contain the disclosures required by the Consumer Leasing Act, 15 U.S.C. § 1667 et seq.. In particular, the Vehicle Lease Agreement does not disclose the amount payable by the leasee as taxes. 15 U.S.C. § 1667a(3). Instead, in place of these disclosures, it contains the designation "N/A."

37. Because the Vehicle Lease Agreement entered into by Autumn Britton-Wheeler does not contain the disclosures required by the Consumer Leasing Act, 15 U.S.C. § 1667 et seq., Defendants, as lessors, are in violation of such Act. *See* 15 U.S.C. § 1667d; 15 U.S.C. § 1640.

38. Defendants' violation of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.* caused Autumn Britton-Wheeler to suffer actual damages.

**Count III – Violation of the Consumer Leasing Act, 15 U.S.C. § 1667, as to Cassidy Britton**

39. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

40. Cassidy Britton is a lessee within the meaning of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*

41. Defendants are lessors within the meaning the Consumer Leasing Act, 15. U.S.C. § 1667 *et seq*.

*42.* The Vehicle Lease Agreement entered into by Cassidy Britton and attached hereto as Exhibit C, is a consumer lease within the meaning of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*

43. The Vehicle Lease Agreement entered into by Cassidy Britton and attached hereto as Exhibit C does not contain the disclosures required by the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq*. In particular, the Vehicle Lease Agreement does not disclose the amount payable by the leasee as taxes. 15 U.S.C. § 1667a(3). Instead, in place of these disclosures, it contains the designation "N/A."

44. Because the Vehicle Lease Agreement entered into by Cassidy Britton does not contain the disclosures required by the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*, Defendants, as lessors, are in violation of such Act. *See* 15 U.S.C. § 1667d; 15 U.S.C. § 1640.

45. Defendants' violation of the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq*. caused Cassidy Britton to suffer actual damages.

**Count IV – Violation of the Merchandising Practices Act, RSMo. § 407.020 at to Katie Kindler**

46. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

47. The lease offered by Defendants constitutes "merchandise" within the meaning of the Merchandising Practices Act, RSMo. § 407.020.

48. Defendants violated § 407.020 by using deception, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression or omission of a material fact in connection with entering into a Vehicle Lease Agreement with Katie Kindler and other members of the class. In particular, the Vehicle Lease Agreement utilized by Defendants does not disclose the amount payable by the leasee as taxes.

49. Defendants' violation of the Merchandising Practices Act, RSMo. § 407.020, caused Katie Kindler and other members of the class to suffer damages.

**Count V – Violation of the Merchandising Practices Act, RSMo. § 407.020 at to Autumn Britton-Wheeler**

50. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

51. The lease offered by Defendants constitutes "merchandise" within the meaning of the Merchandising Practices Act, RSMo. § 407.020.

52. Defendants violated § 407.020 by using deception, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression or omission of a material fact in connection with entering into a Vehicle Lease Agreement with Autumn Britton-Wheeler and

other members of the class. In particular, the Vehicle Lease Agreement utilized by Defendants does not disclose the amount payable by the leasee as taxes.

53. Defendants' violation of the Merchandising Practices Act, RSMo. § 407.020, caused Autumn Britton-Wheeler and other members of the class to suffer damages.

**Count VI – Violation of the Merchandising Practices Act, RSMo. § 407.020 at to Cassidy Britton**

54. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

55. The lease offered by Defendants constitutes "merchandise" within the meaning of the Merchandising Practices Act, RSMo. § 407.020.

56. Defendants violated § 407.020 by using deception, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression or omission of a material fact in connection with entering into a Vehicle Lease Agreement with Cassidy Britton and other members of the class. In particular, the Vehicle Lease Agreement utilized by Defendants does not disclose the amount payable by the leasee as taxes.

57. Defendants' violation of the Merchandising Practices Act, RSMo. § 407.020, caused Cassidy Britton and other members of the class to suffer damages.

WHEREFORE, Plaintiffs pray for the following relief:

A. An Order certifying this lawsuit as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B. Judgment in favor of Plaintiffs and class and against Mitsubishi Motors Credit of America, Inc. on each claim for violation of the Consumer Leasing Act, 15 U.S.C. § 1667a;

C. Judgment in favor of Plaintiffs and the class and against MMCA Lease Ltd. on each claim for violation of the Consumer Leasing Act, 15 U.S.C. § 1667a;

D. Judgment in favor of Plaintiffs and the class and against Mitsubishi Motors Credit of America, Inc. on each claim for violation of the Missouri Merchandising Practices Act, RSMo. § 407.020;

E. Judgment in favor of Plaintiffs and the class and against MMCA Lease Ltd. on each claim for violation of the Missouri Merchandising Practices Act, RSMo. § 407.020;

F. An award of any and all damages allowed under the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*, including actual damages and such other and further damages as the Court may allow;

G. An award of any and all damages allowed under the Missouri Merchandising Practices Act, RSMo. § 407.020, including actual damages, punitive damages, and such other and further damages as the Court may allow;

H. An award of the reasonable costs and attorneys' fees Plaintiffs and the class incurred in bringing this action;

I. An award of such other and further relief as the Court deems just and appropriate.

**Demand for Jury Trial**

Plaintiffs and the class request trial by jury on all issues so triable.

Respectfully submitted,

**GRAVES BARTLE MARCUS & GARRETT, LLC**

By: /s/ David L. Marcus
David L. Marcus MO Bar #47846

Matthew V. Bartle MO #40903
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
(816) 256-3181 (telephone)
(816) 222-0534 (facsimile)
david.marcus@pobox.com
ATTORNEY FOR PLAINTIFFS