**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Katie Kindler, Autumn Britton-Wheeler, and Cassidy Britton, individually, and on behalf of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Mitsubishi Motors Credit of America, Inc., a Delaware corporation,<br><br>and<br><br>MMCA Lease Ltd., a Delaware business trust,<br><br>Defendants, | ) | Case No. 4:09-cv-00315-ODS |

**PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND SUPPORTING SUGGESTIONS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiffs Katie Kindler, Autumn Britton-Wheeler and Cassidy Britton (collectively, "Plaintiffs") move for judgment on the pleadings as to Counts I-III of their Complaint, alleging violations of the Federal Consumer Leasing Act, 15 U.S.C. § 1667, *et seq.* ("CLA"). Judgment on the pleadings is warranted as to Counts I-III because Defendants' Answer and the exhibits attached thereto conclusively show that Defendants failed to make the disclosures required by the CLA and its implementing regulation, Federal Reserve Board Regulation M, 12 C.F.R. §§ 213.1*, et seq.* ("Regulation M").

In support of this Motion, Plaintiffs submit the following Suggestions:

## **Legal Standards**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). In ruling on such motion, the court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. The Boeing Co.,* 388 F.3d 591, 593 (8th Cir. 2004). A court "generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation omitted).

## **Argument**

Counts I-III of Plaintiffs' Complaint arise under the CLA, 15 U.S.C. § 1667, *et seq.*. The CLA requires a lessor to make certain disclosures to a lessee prior to the consummation of a consumer lease. The CLA defines a "consumer lease" as "a contract in the form of a lease or bailment for the use of personal property by a natural person for a period of time exceeding four months, and for a total contractual obligation not exceeding $25,000, primarily for personal, family, or household purposes, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease . . .." 15 U.S.C. § 1667(1). The required disclosures are set forth in the CLA itself, 15 U.S.C. § 1667a, and in its implementing regulation, Regulation M, 12 C.F.R. §§ 213.1*, et seq.*. *See Turner v. General Motors Acceptance Corp.*, 180 F.3d 451, 455 (2nd Cir. 1999) (Regulation M clarifies CLA disclosure requirements).

Under the CLA and Regulation M, a lessor[1] must disclose to the leasee, the "total amount paid or payable by the lessee during the lease term for official fees, registration, certificate of title, license fees, or taxes." 12 C.F.R. § 213.4(n). Every official fee and tax to be paid by the lessee during the term of the lease (even pass-through amounts) must be included in the disclosure of official fees and taxes. *Id*; *see also* 12 C.F.R. Pt. 213, Supp. I, *Official Staff Commentary to Regulation M*, Commentary to 213.4(n). Sales or use taxes paid as part of a monthly lease payment must be included in the total amount; an estimate of the total amount of personal property taxes (ad valorem taxes) must be included in the total amount (unless absorbed by the lessor); current title fees and an estimate of current and future license and registration fees must be included in the total amount. *See id.* A lessor that fails to make the disclosures required under the CLA and Regulation M is subject to civil liability. 15 U.S.C. § 1667d.

The three consumer leases[2] at issue in this case are attached as Exhibits 1-3 to Defendants' Answer, Affirmative and Separate Defenses, and Counterclaims. *Answer, Affirmative and Separate Defenses, and Counterclaims*, Exhibits 1-3 (Doc# 26). These leases violate the CLA and Regulation M because they fail to include an estimate of the total amount of Plaintiffs' property taxes. While the leases do provide a figure representing the monthly sales/use tax, as well as a figure representing the total sales/use taxes and license fees to be paid over the lease period (*see, e.g., Answer, Affirmative and Separate Defenses*, Exhibit 1 §§ 2 & 4), nowhere is the total amount of personal property taxes estimated or disclosed. Instead, in the

[1] A "lessor" is a person who regularly leases, offers to lease, or arranges for the lease of personal property under a consumer lease more than five times in the preceding calendar year or more than five times in the current calendar year. 12 C.F.R. § 213.2(h). An assignee may be a lessor for purposes of Regulation M in circumstances where the assignee has substantial involvement in the lease transaction, as by providing forms and passing on the leesee's creditworthiness. Supp. I, 12 C.F.R. § 213.2(h)(3).

[2] These leases clearly fall within the CLA's definition of a "consumer lease." Each lease provides that the vehicle identified therein will be used primarily for personal purposes, provides for a lease period in excess of four months, and provides for a total contractual value of less than $25,000. These leases define the lessors, for disclosure purposes, as Defendants Mitsubishi Motors Credit of America, Inc. ("Mitsubishi") and MMCA Lease Ltd. ("MMCA"). The lessees are Plaintiffs Katie Kindler, Autumn Britton-Wheeler and Cassidy Britton.

blank in each lease where this information should appear, there is only the designation "N/A." *See Defendants' Answer, Affirmative and Separate Defenses, and Counterclaims*, Exhibit 1 § 4(b), Exhibit 2 § 4(b), Exhibit 3 § 4(b). This "N/A" designation is non-sensical; Defendants were required to disclose Plaintiffs' personal property tax obligation just as they disclosed Plaintiffs' obligation to pay the sales/use tax. *See Candelaria v. Nissan Motor Acceptance Corp.*, 740 F. Supp. 806 (D. New Mexico 1990) (total of all fees to be paid during the lease term must be disclosed, even if the amount is only a reasonable estimate).

Because these leases violate the CLA and Regulation M by failing to include an estimate of the total amount of Plaintiffs' property taxes, Plaintiffs are entitled to judgment as a matter of law on Counts I-III of their Complaint. No material issue of fact remains to be resolved as to these claims except the amount of damages. Damages can and should be determined at trial, when Plaintiffs present evidence to support the remaining three claims in the Complaints (Counts IV-VI), arising under the Missouri Merchandising Practices Act.

**<u>Conclusion</u>**

For the foregoing reasons, Plaintiffs' Motion for Partial Judgment on the Pleadings should be granted. Judgment should be entered on Count I-III of Plaintiffs' Complaint.

Respectfully Submitted,

**GRAVES BARTLE MARCUS & GARRETT, LLC**

By: /s/ David L. Marcus ______________________

David L. Marcus MO Bar #47846
Matthew V. Bartle MO Bar #40903
Michael L. Belancio MO Bar #50115
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
(816) 256-3181 (Main Telephone)
(816) 817-1741 (Facsimile)
dmarcus@gbmblaw.com
mbartle@gbmglaw.com
mbelancio@gbmglaw.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 25th day of November 2009, a copy of the above and foregoing document was served by electronic transmission to all counsel of record.

/s/ David L. Marcus
**ATTORNEY FOR PLAINTIFFS**